**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 17 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUGO ARNOLDO AGUILAR-SANDOVAL, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.   18-71712 <br><br> Agency No. A098-264-020 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 15, 2020[**]
San Francisco, California

Before:  WALLACE, BADE, and BUMATAY, Circuit Judges.

Petitioner Hugo Arnoldo Aguilar-Sandoval, a native and citizen of Mexico,

petitions for review of an order of the Board of Immigration Appeals (BIA)

affirming the decision of an immigration judge (IJ) denying his claim for deferral

of removal pursuant to the Convention Against Torture (CAT).  We have

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. §1252, review the BIA's denial of deferral of removal for substantial evidence, *see Arbid v. Holder*, 700 F.3d 379, 385-86 (9th Cir. 2012), and deny the petition.

The BIA determined that Aguilar-Sandoval did not meet his burden of proving "that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Substantial evidence supports the BIA's conclusion that Aguilar-Sandoval failed to demonstrate that anyone in Mexico will, more likely than not, torture him with the government's consent or acquiescence. *See* 8 C.F.R. § 1208.18(a)(1); *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

First, the record supports the BIA's conclusion that Aguilar-Sandoval failed to adduce specific, non-speculative evidence establishing that the Sinaloa cartel is interested in torturing him. Second, the record supports the BIA's conclusion that even if the Sinaloa cartel is interested in torturing him, Aguilar-Sandoval could reasonably relocate within Mexico to avoid any potential future threat of torture. *See* 8 C.F.R. § 1208.16(c)(3)(ii) (stating that evidence of ability to relocate is relevant in determining eligibility for CAT relief). After a prior removal from the United States, Aguilar-Sandoval resided in a Mexico border city for months without harm or threat.

Third, even if the record showed that the Sinaloa cartel is interested in

torturing him and that he could not reasonably relocate within Mexico, Aguilar-Sandoval failed to identify specific evidence that the Mexican government would acquiesce in his torture. The country conditions evidence submitted by Aguilar-Sandoval does not compel a contrary result on this point. Although that evidence suggests that Mexico suffers from witness protection and public safety challenges, Aguilar-Sandoval cannot use generalized evidence to meet his burden of demonstrating a particularized threat of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (holding that "generalized evidence of violence and crime in Mexico" was insufficient to establish CAT eligibility); *Almaghzar v. Gonzales*, 457 F.3d 915, 923 (9th Cir. 2006) (explaining that although "reports confirm[ed] that torture takes place" in the petitioner's home country, they did not compel the conclusion that the petitioner would face a particularized threat).

**PETITION DENIED.**[1]

---

[1] Aguilar-Sandoval asks that we send his case to mediation. In its brief, the government represented that it forwarded Aguilar-Sandoval's request to mediate to the Department of Homeland Security, which declined. We deny Aguilar-Sandoval's request to send this matter to mediation.